UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



FILED by _____ D.C.
INTAKE
DEC 06 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. FLA. - MIAMI

JAMES SABATINO
A.K.A. "JIMMY"
    PLAINTIFF,

07 61779

VS.                                          CASE NO:

SEAN COMBS
A.K.A. "P. DIDDY",
BAD BOY ENTERTAINMENT WORLDWIDE,
    DEFENDANTS.
_____/

JUDGE

## CIVIL COMPLAINT

    I, JAMES SABATINO, PLAINTIFF IN THE ABOVE ACTION, SUES THE DEFENDANTS: SEAN COMBS, A.K.A. "P. DIDDY" AND BAD BOY ENTERTAINMENT WORLDWIDE. THE GROUNDS ARE AS FOLLOWS:

### JURISDICTION

    THE PLAINTIFF INVOKES FEDERAL JURISDICTION DUE TO THE DIVERSITY BETWEEN THE PLAINTIFF AND DEFENDANT. THE MATTER IN CONTROVERSY EXCEEDS THE SUM OF $75,000. THE PLAINTIFFS PRIMARY RESIDENCE IS IN BROWARD COUNTY, FLORIDA. THE DEFENDANTS PRIMARY PLACE OF BUSINESS IS IN NEW YORK. THE SOUTHERN DISTRICT OF FLORIDA IS THE PROPER PLACE OF VENUE.

## BACKGROUND

1) THE PLAINTIFF JAMES SABATINO, IS THE FOUNDER OF SOUNDSTORM ENTERTAINMENT. HE WAS A CLOSE FRIEND AND ASSOCIATE OF THE DEFENDANT SEAN COMBS AND CHRISTOPHER WALLACE. THE PLAINTIFF IS NOW IN FEDERAL PRISON IN WHITE DEER, PA.

2) THE DEFENDANT SEAN COMBS A.K.A. "P. DIDDY", IS THE CHAIRMAN AND CHIEF EXECUTIVE OFFICER OF BAD BOY ENTERTAINMENT WORLDWIDE, LOCATED IN NEW YORK.

3) THE DEFENDANT BAD BOY ENTERTAINMENT WORLDWIDE IS A RECORD AND ENTERTAINMENT COMPANY. IT HAS INTREST IN SUCH THINGS AS BAD BOY RECORDS, SEAN JOHN CLOTHING, BLUE FLAME MARKETING, AND JUSTIN'S RESTURANTS.

4) CHRISTOPHER WALLACE A.K.A. "THE NOTORIOUS B.I.G.", WAS A RECORDING ARTIST CONTRACTED TO BAD BOY ENTERTAINMENT WORLDWIDE. MR. WALLACE WAS ALSO A CLOSE FRIEND AND BUSINESS APARTNER OF THE PLAINTIFF. MR. WALLACE WAS MURDERED IN CALIFORIA IN 1997.

5) TUPAC SHAKUR WAS A RECORDING ARTIST CONTRACTED TO DEATH ROW RECORDS. FROM 1994 TILL HIS DEATH, MR. SHAKUR WAS INVOLVED IN A HIGHLY PUBLICIZED FUDE BETWEEN HIMSELF AND DEATH ROW RECORDS WITH THE DEFENDANT SEAN COMBS AND ALMOST EVERYONE ASSOCIATED WITH BAD BOY ENTERTAINMENT. MR. SHAKUR BELIEVED THAT THE BAD BOY ENTERTAINMENT CAMP WAS RESPONSIBLE FOR HIS 1994 SHOOTING.

6) STERLING CAGLE IS THE CHIEF EXECUTIVE OFFICER OF CITYLINE ENTERTAINMENT, MR. CAGLE WAS ATTEMPTING TO CONTRACT THE PLAINTIFF AND SOUNDSTORM ENTERTAIMENT TO HELP LAUNCH HIS NEW COMPANY. MR. CAGLE DECLINED TO HIRE THE PLAINTIFFS COMPANY ONLY AFTER BEING GIVEN A NUMBER OF DOCUMENTS BY THE DEFENDANT SEAN COMBS.

## STATEMENT OF FACTS

7) ON OCTOBER 4, 2007, THE PLAINTIFF FILED A CIVIL ACTION AGAINST THE DEFENDANT SEAN COMBS AND OTHERS IN THE SOUTHERN DISTRICT OF FLORIDA FOR BREACH OF CONTRACT. (CASE NO: 07-22638-CIV-COOKE/BROWN) SPECIFICALLY THE DEFENDANT AGREED TO PURCHASE RECORDINGS AND VIDEO FOOTAGE OF THE LATE CHRISTOPHER WALLACE FOR A SET AMOUNT OF CASH AND PUBLISHING.

8) AFTER A PAYMENT OF $25,000 THE DEFENDANT DID NOT FORWARD THE REST OF THE BALANCE OWED. AFTER A NUMBER OF ATTEMPTS TO COLLECT THE MONEY, THE DEFENDANT SEAN COMBS NOTIFIED THE PLAINTIFF THAT HE WAS WITHHOLDING THE PAYMENT DUE TO THE PLAINTIFF BEING NAMED AS A "PERSON OF INTREST" IN THE MURDER OF CHRISTOPHER WALLACE. THE DEFENDANT SEAN COMBS WENT ON TO STATE THAT HE WAS AWARE OF A FEDERAL INVESTIGATION INTO THE PLAINTIFFS ALLEDGED CRIMINAL ACTIVITES.

9) IN 2002, A FEDERAL GRAND JURY IN THE SOUTHERN DISTRICT OF NEW YORK INDICTED THE PLAINTIFF FOR CHARGES OF RACKETEERING. THESE CHARGES WERE TOTALLY UNRELATED TO THE MURDER OF CHRISTOPHER WALLACE.

10) DURRING DISCOVERY, TRIAL AND OTHER PROCEEDINGS IN THE PLAINTIFFS CRIMINAL CASE, CERTAIN DOCUMENTS CAME ABOUT THAT CONTAINED INFORMATION RELATING TO THE DEFENDANT SEAN COMBS AND BAD BOY ENTERTAINMENT. THESE DOCUMENTS WERE PROVIDED TO THE DEFENDANT SEAN COMBS FOR THE PURPOSE OF INFORMING HIM OF ITS CONTENTS AND FOR HIS OPINION ON THEM. IT WAS UNDERSTOOD THAT THESE DOCUMENTS WERE NOT TO BE DISTRIBUTED TO ANY OTHER PERSONS.

11) RECENTLY IT HAS COME TO THE PLAINTIFFS ATTENTION THAT THE DEFENDANT SEAN COMBS RELEASED THESE SAID DOCUMENTS FOR THE SOLE PURPSE OF PROTECTING HIMSELF, WHILE AT THE SAME TIME HARMING THE PLAINTIFFS REPUTATION. DURRING THE SUMMER OF 2007, THE PLAINTIFF BECAME AWARE THAT A SO CALLED "INVESTIGATIVE REPORTER" WAS WORKING ON A STORY FOR A MAJOR PUBLICATION. THIS REPORTER WAS READY TO NAME THE DEFENDANT SEAN COMBS AS THE MOTIVATING FORCE BEHIND THE 1994 SHOOTING TO TUPAC SHAKUR IN NEW YORK CITY. FURTHERMORE THE REPORTER WAS PREPARED TO

ALLEDGE THAT THE DEFENDANT SOMEHOW HAD INVOLVEMENT IN HIS OWN ARTIST CHRISTOPHER WALLACE'S DEATH.

12) THE DEFENDANT SEAN COMBS RELEASED THESE DOCUMENTS IN A ATTEMPT TO NOT ONLY SWAY THE REPORTES OPINION AWAY FROM HIMSELF, BUT AT THE SAME TIME TO REENFORCE HIS POSITION ON THE REASON WHY HE WAS NOT PAYING THE PLAINTIFF THE MONEY HE OWED. THESE DOCUMENTS ARE OF AN EXTREMELY SENSITIVE NATURE, CONSISTING OF AMONG OTHER THINGS, ACCUSATIONS BY A F.B.I. INFORMANT THAT THE PLAINTIFF WAS INVOLVED IN A NUMBER OF CRIMES THAT HE HAS NEVER BEEN CHARGED WITH. THE DOCUMENTS THAT THE DEFENDANT HAS CIRULATED ARE AS FOLLOWS:

   A) A F.B.I. "302" REPORT THAT ALLEDGES THE PLAINTIFF WAS INVOLVED IN THE 1994 SHOOTING OF TUPAC SHAKUR. THIS DOCUMENT, DATED 12/30/02 IS THE STATEMENT OF AN UNNAMED "CONFIDENTIAL SOURCE". THE PLAINTIFF CONTESTS ALL OF THE INFORMATION CONTAINED IN THE REPORT.

   B) ANOTHER "302", DATED 7/17/02, STATES THAT THE PLAINTIFF WAS INVOLVED IN THE "FUDE" BETWEEN THE DEFENDANTS SEAN COMBS AND BAD BOY ENTERTAINMENT WITH TUPAC SHAKUR, MARION "SUGE" KNIGHT AND DEATH ROW RECORDS.

   C) A "302" DATED 7/17/02, STATES THAT THE PLAINTIFFS COMPANY, SOUNDSTORM ENTERTAINMENT WAS REALLY A "FRONT" FOR HIS ALLEDGED ILLEGAL ACTIVITES. THE REPRT GOES ON ALLEDGE THAT THE PLAINTIFF WAS "SHAKEING DOWN" SOME OF THE ENTERTAINERS HE WORKED WITH.

   D) YET ANOTHER "302" DATED 7/1/02, STATED THAT THE PLAINTIFF WAS TO MEET CHRISTOPHER WALLACE THE NIGHT OF HIS MURDER, BUT NEVER SHOWED UP. THE REPORT GOES

ON TO SAY THAT PRIOR TO MR. WALLACE'S MURDER, THE PLAINTIFF HAD CONTACT WITH A "CLOSE ASSOCIATE" OF MARION "SUGE" KNIGHT, A LONG TIME SUSPECT IN THE MURDER OF MR. WALLACE.

E) ANOTHER DOCUMENT IS FROM THE UNITED STATES PROBATION OFFICE DATED 8/16/04. THIS DOCUMENT CONTAINS PERSONAL INFORMATION ABOUT THE PLAINTIFF.

13) THESE ALLEGATIONS ARE OF A VERY PUBLIC AND CONTROVERSIAL MATTER. BOTH CHRISTOPHER WALLACE AND TUPAC SHAKUR WERE MULTI-PLATINUM SELLING RECORDING ARTISTS WITH MILLIONS OF FANS AROUND THE WORLD. EVEN IN THIER DEATH, THEY BOTH MAINTAIN A HEANY RELEVANCE IN THE MUSIC INDUSTRY, ESPECIALLY THE HIP-HOP WORLD. IF THE AVERAGE PERSON BELIEVES THE PLAINTIFF HAD SOMETHING TO DO WITH THE TUPAC SHAKUR SHOOTING THEY WOULD BE RELUCTANT TO DO BUSINESS WITH HIM OR HIS COMPANY.

14) IN SEPTEMBER 2007 THE PLAINTIFF WAS IN NEGOIATIONS WITH CITYLINE ENTERTAINMENT FOR A CONSULANTING CONTRACT TO HELP LAUNCH THIER NEW COMPANY. THE AGREED FEE WAS FPR $1000,000 AND A ADDITIONAL 10% OF ANY DEALS SOUNDSTORM OBTAINED FOR THEM. TWO DAYS PRIOR TO THE SIGNING OF THE CONTRACT, STERLING CAGLE, THE OWNER OF CITYLINE, WAS DELIVERED A PACKAGE CONTAINING ALL OF THE DOCUMENTS LISTED. SHORTLY AFTER MR. CAGLE DECLINED TO GIN THE CONTRACT BASE ON THE INFORMATION CONTAINED IN SAID DOCUMENTS.

15) THE PLAINTIFF HAS OBTAINED AN AFFIDAVIT FROM A FORMER EMPLOYEE OF THE DEFENDANT SEAN COMBS. THE AFFIDAVIT STATES THAT THE DEFENDANT SEAN COMBS, DIRECTED THE WRITER TO DELIVER THESE DOCUMENTS TO MR. CAGLE AND AT LEAST THREE OTHER PERSONS WITH WHOM THE DEFENDANT BELIEVED THE PLAINTIFF WAS DOING BUSINESS WITH.

## 1994 SHOOTING OF TUPAC SHAKUR

16) WHILE THE PLAINTIFF DOES NOT CONTEST THAT HE WAS PRESENT AT QUAD STUDIOS THE NIGHT OF TUPAC SHAKURS SHOOTING, HE DENIES ANY INVOLVEMENT OR KNOWLEDGE OF THE CRIME. THE PLAINTIFF WAS QUESTIONED A NUMBER OF TIMES BY INVESTIGATORS AND AFTER AN EXTENSIVE INVESTIGATION BY BOTH STATE AND FEDERAL AUTHORITES, THE PLAINTIFF WAS NEVER CHARGED WITH ANY CRIME IN CONNECTION WITH THE SHOOTING.

17) TUPAC SHAKUR IS AN ICON IN THE HIP-HOP COMMUNITY. IT IS VERY DEFAMATORY TO BOTH THE PLAINTIFF AND SOUNDSTORM ENTERTAINMENTS CHARACTER TO TRY AND CONNECT HIM TO THE SHOOTING.

18) FURTHERMORE, MR. SHAKUR WAS NOT KILLED IN THE SHOOTING. RATHER HE WAS KILLED 2 YEARS LATER IN WHAT SEEMS TO BE A TOTALLY UNRELATED INCIDENT IN LAS VEGAS, NV.. THE DEFENDANT SEAN COMBS HAS ATTEMPTED TO CONNECT THE PLAINTIFF TO SHAKURS MURDER, WHILE THE EVIDENCE ONLY SPEAKS OF THE 1994 SHOOTING, WHICH HE LIVED.

19) THESE ARE THE ALLEGATIONS OF A F.B.I. INFORMANT, HOWEVER MANY PEOPLE WILL TEND TO BELIEVE THE DOCUMENTS CONTENTS AS TRUE BECAUSE IT HAS ALWAYS BEEN THOUGHT THAT SOMEONE ASSOCIATED WITH COMBS AND BAD BOY ENTERTAINMENT WERE RESPONSIBLE FOR THE SHOOTING.

20) THE DEFENDANTS ACTIONS WERE INTENTIONALLY DONE FOR A NUMBER OF GOALS: (A) TO REENFORCE HIS POSITION NOT TO PAY THE PLAINTIFF THE MONEY OWED; (B) TO DRAW ATTENTION AWAY FROM HIMSELF IN THESE VERY CONTROVERSIAL MATTERS AND (C) TO DEFAME AND SLANDER THE PLAINTIFF AND HIS COMPANY, CAUSING HIM TO LOSE BUSINESS.

CONCLUSION

      **WHEREFORE**, THE PLAINTIFF PRAYS THAT THIS HONORABLE COURT GRANT THE FOLLOWING:

**(1) ACTUAL DAMAGES:** THE PLAINTIFF ASKS THIS HONORABLE COURT TO AWARD FROM THE DEFENDANTS (A) **$100,000 ONE HUNDRED THOUSAND DOLLARS** WHICH IS THE EXACT AMOUNT OF LOSS IN BUSINESS TO DATE; (B) **$16,000 SIXTEEN THOUSANDS DOLLARS** WHICH IS THE AMOUNT THE PLAINTIFF INVESTED AND SPENT WORKING ON THE CITYLINE DEAL THAT WAS LOST DUE TO THE DEFENDANTS ACTIONS; **$50,000 FIFTY THOUSAND DOLLARS** WHICH IS THE AMOUNT THE PLAINTIFF ESTIMATES IS NEEDED TO HELP REBUILD SOUNDSTORMS REPUTATION.

**(2) PUNITIVE DAMAGES:** THE PLAINTIFF ASKS THIS HONORABLE COURT TO AWARD FROM THE DEFENDANTS THE AMOUNT OF **$16,000,000 SIXTEEN MILLION AND SIX HUNDRED THOUSAND DOLLARS**. WHERE THE PLAINTIFF SHOWS THAT THE DEFENDANTS ACTIONS WERE BOTH INTENTIONAL AND MALICIOUS. THIS ALSO INCLUDES LOSS OF FUTURE EARNINGS DUE TO THE DEFENDANTS ACTIONS. THIS AMOUNT IS BASED ON ACTUAL DAMAGES TIMES 10.

**(3) OTHER RELIEF:** THE PLAINTIFF ASK THIS HONORABLE COURT TO ORDER THE DEFENDANT TO STOP DISTRIBUTING SAID DOCUMENTS AND TO DESTROY ANY REMAINING COPIES. ALSO ANY OTHER RELIEF THIS COURT DEEMS JUST.

SIGNED THIS 25 DAY OF December 2007.

                                          RESPECTFULLY SUBMITTED,

                                          JAMES SABATINO
                                          REG# 30906-004
                                          USP ALLENWOOD
                                          PO BOX 3000
                                          WHITE DEER, PA. 17887
                                          (857) 498-0343 (CONTACT #)

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

07 61779

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

FILED by _____ D.C.

INTAKE
DEC 06 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**I. (a) PLAINTIFFS**
JAMES SABATINO

**DEFENDANTS**
SEAN COMBS; BAD BOY ENTERTAINMENT INC.; KEISHA COMBS; JUSTIN COMBS PUBLISHING.

(b) County of Residence of First Listed Plaintiff **BROWARD**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
REG# 30906-004
USP ALLENWOOD
PO BOX 3000
WHITE DEER, PA. 17887

Broward Co-
Gunnar Cohen

Attorneys (If Known)
BAD BOY ENTERTAINMENT
1710 BROADWAY N.Y. N.Y. 10019

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| | | | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO
b) Related Cases ☒ YES ☐ NO
JUDGE **COOKE/BROWN**
DOCKET NUMBER **07-22638-CIV**

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332 DIVERSITY (MATTER IN CONTROVERSY EXCEEDS THE SUM OF $75,000)
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **$16,166,000**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _[signature]_

DATE 11/25/07

**FOR OFFICE USE ONLY**
AMOUNT _____ RECEIPT # _____ IFP _____

7 of 7